CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH D. MOORE, | CASE NO. 7:11CV00506 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| LT. D. COLLINS, ET AL., | By: James C. Turk |
| | Senior United States District Judge |
| Defendant(s). | |

Kenneth D. Moore, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials should pay him compensatory damages for a broken ankle he suffered when he fell on an icy sidewalk while walking to his prison job in prison-supplied shoes. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Moore alleges the following sequence of events. On December 28, 2010, he was assigned to work in the kitchen at Wallens Ridge State Prison. Early that morning, at 5:00 a.m., officials called him to come in for work. To get to the kitchen, Moore had to walk across the prison yard to another building. On his way, he slipped on hard ice and snow, fell, and broke his left ankle. The injury required surgery to install a plate and five screws in the ankle.

After the incident, Moore filed an informal complaint, grievance, and appeals, complaining about the unsafe conditions of the sidewalk where he was injured. In response, officials stated that the Wallens Ridge practice is to address such safety issues "as soon as possible."

Moore sues the head of security and the building supervisor at Wallens Ridge, asserting that they should have strewn salt or sawdust on the sidewalk, or cleaned off the snow and ice before inmates were forced to walk there. Moore also complains that unidentified prison officials failed to provide him with appropriate shoes for walking in the snowy conditions he faced, because the rubber tennis shoes issued to him did not provide sufficient traction. He seeks monetary and injunctive relief.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, however, Moore must show that the defendant prison officials acted with deliberate indifference–that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

Moore's complaint fails to allege facts demonstrating deliberate indifference by anyone. Moore's complaint itself indicates officials' stated intent to have ice and snow on the sidewalks "addressed as soon as possible." The dangerous condition about which he sues was caused by an act of nature. The prison officials have no personal control over how much snow falls or what

2

level of freezing occurs before they can send someone out to clean that ice and snow off the sidewalks. While the defendants may have thought it was a remote possibility that inmates walking on the icy sidewalk might fall and become seriously injured, it is not reasonable to find that they were aware of a substantial risk of serious harm. See, e.g., Walker v. McDonald, No. CIV S–10–2835 CKD P, 2011 WL 5513446, *3 (E.D. Cal. Nov. 10, 2011) (summarily dismissing claim regarding inmate's fall on icy walkways). Moreover, officers reasonably could have believed that inmates, who are issued only tennis shoes, would know to use caution when walking on icy sidewalks. Id.

Possible negligence by officials, in failing to clear the ice and snow more quickly on the morning of December 28, 2010 or in failing to provide inmates with shoes that have better traction, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Accordingly, the court will summarily dismiss Moore's claim concerning the injuries he suffered from his fall on the icy sidewalk as legally frivolous, pursuant to § 1915A(b)(1). Based on this disposition of the action, the court will also dismiss plaintiff's other pending motions as moot.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21/*day of November, 2011.

/s/ James C. Turk
Senior United States District Judge

3

Case 7:11-cv-00506-JCT-RSB   Document 6   Filed 11/21/11   Page 3 of 3   Pageid#: 27